**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**TIMOTHY HILL**                                                                    **PETITIONER**
**ADC #159154**

**VS.**                                **NO. 5:15-CV-356-JM-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                        **RESPONDENT**


**RECOMMENDED DISPOSITION**

**I.      Procedures for Filing Objections**

        This Recommended Disposition ("Recommendation") has been sent to Judge

James M. Moody Jr.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the United States District

Court Clerk within fourteen (14) days of this Recommendation.

        If no objections are filed, Judge Moody can adopt this Recommendation without

independently reviewing the record.  By not objecting, parties may waive any right to

appeal questions of fact.

## II.    Background

On July 13, 2013[1], petitioner Timothy Hill's estranged wife, Dana, came to his

house with her mother and nine-year-old niece.  The Hills were in the process of divorce,

and Dana had come to retrieve their two boys after a visit with their father.[2]

Dana went into the house while her mother and niece waited in the car.  While

inside, the Hills argued, and Mr. Hill grabbed his SKS rifle from a closet.  He went

outside and fired eight rounds into the car, killing both his mother-in-law and niece.  At

the time he fired the fatal shots, he knew that his mother-in-law was in the car, but

maintained that he did not know the little girl was also in the car.

Mr. Hill then went back inside, where Dana had locked herself in the bathroom.

He shot the lock to the bathroom door, entered, and shot Dana once in the face, killing

her.  None of these facts are in dispute.  Mr. Hill admitted, both in open court and in an

interview with law enforcement, that he killed his wife, mother-in-law, and niece.

(Docket entry #10-6; Res. Ex. C-5, pp. 8-15)[3]

---

[1] The record contains discrepancies regarding the dates of events.  An interview
with law enforcement, where the officer states "three people died tonight," is dated July
22, 2013.  (Res. Ex. C-2, pp. 34-40)  There are several references to a mental evaluation
conducted for this case on June 20, 2013, several weeks before the incident.  (Res. Ex. C-
2, p. 6; Res. Ex. C-5, p. 5)  None of these discrepancies, however, are material to the
outcome of this case.

[2] The Hill's sons were both across the road with their grandfather during the
incident.  (Res. Ex. C-5, p. 9)

[3] The Court will refer to the electronically filed documents by their docket entry
numbers and sealed documents by Respondent's Exhibit designations ("Res. Ex.").  In

On July 31, 2013, the State of Arkansas charged Mr. Hill with three counts of capital murder.  He pleaded not guilty by reason of mental disease or defect.  The Pike County Circuit Court, however, had already ordered a mental evaluation for Mr. Hill.

The first mental evaluation, by Dr. Brian E. Smith, was never completed because Mr. Hill withdrew from the examination.[4]  (Res. Ex. C-5, pp. 5-7)  Nonetheless, Dr. Smith rendered his opinion that Mr. Hill was incompetent to stand trial because he lacked the capacity to understand the legal proceedings against him or to effectively assist his lawyer in his own defense.  (Res. Ex. C-5, pp. 6-7)  Dr. Smith also thought, however, that Mr. Hill could be restored to competence with 3-6 months of psychiatric treatment.  (Res. Ex. C-5, p. 7)

Another mental evaluation on November 6, 2013, was conducted by Dr. Mark M. Peacock, who found that Mr. Hill had moderate Major Depressive Disorder.  (Res. Ex. C-5)  Dr. Peacock opined that, despite his depression, Mr. Hill was competent to stand trial and appreciated the criminality of his conduct when he shot his wife, mother-in-law, and niece.  (Res. Ex. C-5, pp. 2-3)

---

both the Response and Notice of Filing Exhibits Under Seal, Respondent confuses designations by citing Res. Ex. C-2 as C-5, and vice versa.  (#10 and #13)  The Court uses the designations appearing on the documents themselves, rather than Respondent's citations.

[4] Although dated June 20, 2013, it is likely this evaluation took place on July 20, 2013.  (#4, pp. 8-9)

Dr. Peacock evaluated Mr. Hill again on February 11, 2014, and found that Mr. Hill's mental state had deteriorated significantly over the preceding few months. (Res. Ex. C-2, pp. 10-13) Dr. Peacock believed that, in his then-current state, Mr. Hill was not competent to stand trial. Like Dr. Smith, however, Dr. Peacock believed that psychiatric treatment could restore Mr. Hill to competence. (Res. Ex. C-2, p. 12)

Mr. Hill was admitted to the Arkansas State Hospital ("ASH") on April 10, 2014, approximately two months after Dr. Peacock's second evaluation. While there, Mr. Hill received psychiatric treatment and medication. (Res. Ex. C-2, pp. 13-14) In a report submitted September 23, 2014, Dr. Peacock found that psychiatric treatment had restored Mr. Hill to competence. Further, Dr. Peacock found that on the night Mr. Hill shot his wife, mother-in-law, and niece, he appreciated the criminality of his conduct and was capable of conforming his conduct to the requirements of the law. (Res. Ex. C-2)

On November 3, 2014, Mr. Hill changed his plea from "not guilty" to "guilty." (#10-6) The trial court accepted Mr. Hill's guilty plea and sentenced him to life imprisonment, without parole. (#10-6, pp. 10-15)

On September 21, 2015, Mr. Hill filed a Motion to Reconsider or Modify Sentence with the trial court. The trial court denied the motion as untimely. Mr. Hill did not file any other state pleadings, appeals, or petitions prior to filing this federal habeas petition. (#1, pp. 1-3)

On November 5, 2015, Mr. Hill filed the pending petition for writ of habeas corpus. (#1) In the petition and supporting brief, Mr. Hill claims ineffective assistance of counsel and denial of adequate mental health treatment. (#1 and #4) Respondent Wendy Kelley filed a response and exhibits under seal. (#10 and #13) After a thorough review of the record, the Court concludes that Judge Moody should DISMISS Mr. Hill's petition, with prejudice.

## III. Discussion

Director Kelley argues that the Court should dismiss the petition due to both procedural default and because Mr. Hill cannot prevail on the merits. (#10) Although Mr. Hill's mental condition and lack of post-conviction counsel may show cause for his procedural default, he has not shown the kind of prejudice required to overcome procedural default or to prevail on the merits of his ineffective assistance of counsel claim. Mr. Hill's assertion that he has not received adequate mental health treatment while incarcerated is not a claim that the Court can consider in a habeas corpus petition.

### A. Procedural Default

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to every appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional error. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); 28 U.S.C. § 2254(b) and (c). Federal claims must rely on the same factual and legal bases

raised in the state courts.  *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir.2006)

(citations omitted).

Federal habeas relief is generally available to a petitioner only after he or she has

fully exhausted the remedies available in the state courts.  28 U.S.C. § 2254 (b)(1)(A).

This means that the petitioner must "use the State's established appellate review

procedures."  *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005) citing *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999).

Claims raised in a federal habeas petition that were not exhausted through state

court proceedings, even if there is no remaining state court remedy, are deemed defaulted.

Here, Mr. Hill defaulted his ineffective assistance of counsel claim because he did not

file a Rule 37 petition in State court.  (#1, pp. 1-3)  Further, Mr. Hill's Motion to

Reconsider or Modify Sentence did not raise a claim of ineffective assistance of counsel.

(#10-8)

A habeas petitioner's default can be excused only if he can demonstrate "cause for

the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of

justice."  *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).[5]  Under

the cause and prejudice standard, cause is established when "some objective factor

---

[5] Mr. Hill does not claim actual innocence, so the possibility of a fundamental
miscarriage of justice is not at issue in this case.

external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986).

Mr. Hill does not make an argument for cause or prejudice. (#1 and #4) Based on the record, the only plausible argument for cause and prejudice is Mr. Hill's mental condition. His lack of post-conviction counsel could, in certain circumstances, be grounds for a finding of cause. Serious mental illness can constitute both cause and prejudice to excuse procedural default. *Gordon v. Arkansas*, 823 F.3d 1188, 1197 (8th Cir. 2016) (quoting *Holt v. Bowersox*, 191 F.3d 970, 974 (8th Cir. 1999)). That said, there must be "a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief." *Id*.

Unlike the facts in *Gordon*, the record before this Court does not contain any mental health evidence from the time Mr. Hill could have timely pursued post-conviction relief. It appears, however, that Mr. Hill has received continuous mental health treatment during this time. He stated that he was on mental health medication when he entered his guilty plea and continued to take daily medication up to at least the filing of this petition. (#4, p. 2)

An evidentiary hearing or expansion of the record might show whether Mr. Hill can overcome procedural default. But because Mr. Hill's petition fails on the merits,

expansion of the record is unnecessary.  See 28 U.S.C. § 2254(b)(2) (A court may deny a

habeas petition on the merits regardless of procedural default.).[6]

> **B.     Ineffective Assistance of Counsel**

A criminal defendant's Sixth Amendment right to effective assistance of counsel

"is denied when a defense attorney's performance falls below an objective standard of

reasonableness and thereby prejudices the defense."  *Yarborough v. Gentry*, 540 U.S. 1, 5,

124 S.Ct. 1, 4 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland*,

466 U.S. at 687).  Mr. Hill argues that his attorney should have objected to the final

mental evaluation and obtained a second opinion.  (#4)  Beyond his allegation that his

attorney advised him to tell the judge he was not on medication when he actually was, Mr.

Hill does not question any advice related to his guilty plea.  (#1 and #4)

> 1.  *Deficient Performance*

As noted, Mr. Hill underwent four separate mental evaluations, with two different

psychologists.  Two of the evaluations were incomplete due to Mr. Hill's unwillingness or

inability to fully participate.  Although there is the noted discrepancy in dates, it appears

that Mr. Hill's attorney arranged the first evaluation within a week of the incident, before

Mr. Hill was even formally charged.

---

[6] Because the Court is addressing the merits of this petition, a discussion of cause regarding Mr. Hill's lack of post-conviction counsel is unnecessary.

Two evaluations found Mr. Hill not competent to stand trial.  Both, however, noted that Mr. Hill's competence could be restored with psychiatric treatment.  After approximately five months of inpatient treatment at ASH, Dr. Peacock found Mr. Hill competent to stand trial.

The record includes two evaluations favorable to Mr. Hill's position that his attorney could have raised questions about Dr. Peacock's final opinion of competence. With two separate opinions of incompetence, it seems reasonable to expect an attorney to have some question about the final evaluation.  Mr. Hill, after all, was facing either life without parole or the death penalty.  The record and trial court docket show no hearing or pleadings regarding the final evaluation.  (#10-2)  If Mr. Hill's attorney had contested the report, Arkansas law would have required that the trial court hold a hearing on the competence issue.  ARK. CODE ANN. § 5-2-309(c).

Furthermore, in some circumstances, trial courts have a constitutional duty to order competency hearings *sua sponte*.  See *United States v. Shan Wei Yu*, 484 F.3d 979, 984 (8th Cir. 2007) (when there is a reasonable doubt about the defendant's competence to stand trial); *Branscomb v. Norris*, 47 F.3d 258, 262 (8th Cir. 1995) (when there is sufficient evidence to warrant a hearing).  Mr. Hill apparently had the means to pay for another private evaluation even without court intervention, but his attorney did not request one.  (#4, p. 3)

With no State court record or hearing regarding ineffective assistance of counsel, and the limited record in this case, this Court cannot conclusively state whether defense counsel's performance was deficient.  Mr. Hill has raised that possibility.  But see *Nooner v. State*, 500, 339 Ark. 253, 258 (Ark. 1999)(failure to even request a mental evaluation in a capital murder case was not automatically ineffective assistance).

### 2. *Prejudice*

To overcome procedural default or prevail on his ineffective assistance of counsel claim, Mr. Hill must show that he was prejudiced by his attorney's deficient performance. Here, he has not provided any basis for the Court to find prejudice.  Even if his attorney should have objected to the final mental evaluation, Mr. Hill would still have to show that such an objection would have had merit or that another mental evaluation would have found him incompetent.

Mr. Hill's final mental evaluation found that he was competent to stand trial. While his first and third mental evaluations found that he was not competent to stand trial, both evaluations noted that competence could be restored within a relatively short period with treatment.  The final evaluation was rendered after Mr. Hill had undergone five months of inpatient psychiatric treatment.  Although the trial court did not have a formal competency hearing, the trial judge inquired about Mr. Hill's understanding of the process during the plea hearing from both Mr. Hill and his attorney.  (#10-6, pp. 9-10, 13-

14) Mr. Hill's attorney also briefly addressed Mr. Hill's "legitimate psychological problems while in jail after the event." (#10-6, p. 14)

This is not a case where Mr. Hill can show any reasonable probability of acquittal had he rejected the plea deal and demanded a trial. And there is no evidence that Mr. Hill could have received a better plea deal. After all, Mr. Hill shot and killed his wife, mother-in-law, and a nine-year-old child. He admitted his crimes to several people, including law enforcement. He was facing either death or life in prison without parole for each murder. See ARK. CODE ANN. § 5-4-104(b)("A defendant convicted of capital murder . . . shall be sentenced to death or life imprisonment without parole"). Mr. Hill received the minimum sentence available for the crimes he committed. For all of these reasons, there is no basis for a finding of prejudice.

## C.     Standard of Review

Federal habeas relief is generally limited to cases where: (1) the result was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court; (2) the State decision was based on an unreasonable determination of the facts; or (3) omitted facts show that the petitioner was actually innocent. 28 U.S.C. § 2254. Mr. Hill failed to develop the facts relevant to his claims in State Court, so there is no issue regarding an unreasonable determination of the facts. There is also no issue of actual innocence. So to obtain habeas relief on the merits, Mr.

Hill would have to show that the result here was contrary to clearly established federal law.

A result is contrary to federal law only where the outcome is different from the result of a Supreme Court case with a set of materially indistinguishable facts.  *Cf. Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495 (2000) (discussing review of State Court decisions).  This Court is unaware of any case where the Supreme Court has recognized ineffective assistance, with the required prejudice, in a situation like this.  Mr. Hill, for his part, has not pointed to any Supreme Court case with even remotely analogous facts that resulted in the outcome he seeks in his petition.

## IV.    **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Hill has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  Here, Mr. Hill has not provided any basis for issuing a certificate of appealability.

## V.    **Conclusion**

Mr. Hill has not shown he suffered prejudice as a result of his counsel's alleged ineffectiveness.  For that reason, the Court recommends that Judge Moody dismiss the pending petition for writ of habeas corpus, with prejudice.  And because there is no

substantial showing that Mr. Hill was denied a constitutional right, Judge Moody should

decline to issue a certificate of appealability.

      DATED this 2nd day of September, 2016.


_____
UNITED STATES MAGISTRATE JUDGE